**No. 26-2113**

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

ALEKSEI MOROZOV,

*Petitioner-Appellee*,

*v.*

WARDEN, LAWRENCE COUNTY JAIL; FIELD OFFICE DIRECTOR,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES ATTORNEY FOR
THE DISTRICT OF SOUTH DAKOTA,

*Respondents-Appellants*.

On Appeal from the United States District Court
for the District of South Dakota, No. 5:26-cv-05030-RAL
Before the Honorable Roberto A. Lange, Chief District Judge

## OPPOSITION TO MOTION TO EXPEDITE APPEAL

JAMES D. LEACH
ATTORNEY AT LAW
1617 Sheridan Lake Rd.
Rapid City, SD 57702
(605) 341-4400
jim@southdakotajustice.com

June 29, 2026

# INTRODUCTION

The government's request to significantly accelerate the briefing deadlines and oral argument in this habeas appeal should be denied. The government's own conduct demonstrates that there is no good cause for such relief. The government has not sought a stay of the district court's order or Mr. Morozov's release, it delayed filing any appeal, and it waited over two weeks after this Court set a briefing schedule to file its motion to expedite. If the grant of Mr. Morozov's petition presented an emergency warranting expedition, the government would have acted like it.

None of the government's proffered justifications for expedition are persuasive. The government's sole argument is that the question presented—whether Mr. Morozov's detention pursuant to 8 U.S.C. § 1225(b)(2) without a hearing to assess flight risk or dangerousness violated the Due Process Clause of the Fifth Amendment—is important and recurring. That question is indeed important. But that counsels *against*, not in favor of, rushed briefing by the parties and consideration by this Court. Moreover, the government mischaracterizes Mr. Morozov's case as involving a facial challenge to § 1225(b)(2) and wrongly claims this issue is recurring in a way that unfairly burdens the executive branch. But this Mr. Morozov brought only an *as-applied* challenge to § 1225(b)(2), which turned on the particular facts of his case. This appeal does not present a vehicle to resolve the

- 1 -

constitutionality of § 1225(b)(2) as applied to those with circumstances different from Mr. Morozov.

The government is, of course, free to file its opening brief on any schedule it wishes. Mr. Morozov, however, should not be locked into a briefing and argument schedule that provides no room for any necessary extension request or sufficient time to prepare for oral argument. Unnecessarily rushing this matter would unfairly prejudice his ability to defend his victory below. Nor has the government given any compelling reason to move this case ahead of the many other important matters pending before the Court.

## BACKGROUND

On February 4, 2023, Petitioner-Appellee Aleksei Morozov, his wife, and young child, presented themselves at the Gateway International Bridge in Brownsville, Texas, and sought asylum from Russia. Dkt. 5653978 at 10–11.[1] A border officer paroled the family into the United States until February 3, 2024, and initiated removal proceedings. *Id.* at 11. Since that time, Mr. Morozov has attended all his scheduled immigration court hearings, advised Immigration and Customs Enforcement (ICE) of his whereabouts, filed his taxes, and has had no criminal record. *Id.* at 11–12. U.S. Citizenship and Immigration Services (USCIS) twice

---

[1] Docket ("Dkt.") citations refer to this Court's docket entries.

Appellate Case: 26-2113    Page: 3    Date Filed: 06/29/2026 Entry ID: 5655955

granted Mr. Morozov authorization to work in the United States—most recently in January 2025, when it extended that authorization until January 16, 2029—and Mr. Morozov has built his own business transporting light freight across the country using his valid driver's license. *Id.* He is the sole source of financial support for his family, who have been active in their community. *Id.* at 11 & n.1.

On November 13, 2025, the South Dakota Highway Patrol stopped Mr. Morozov for reportedly speeding and turned him over to ICE. *Id.* at 12. He was held without bond. *Id.* at 14. On March 18, 2026, an immigration judge denied Mr. Morozov's applications for asylum and other relief and ordered him removed to Russia. *Id.* His timely appeal to the Board of Immigration Appeal remains pending. *Id.*

On March 30, 2026, after over four months of detention without any individualized determination that his detention was necessary to prevent flight or danger, Mr. Morozov filed a pro se habeas petition in the U.S. District Court for the District of South Dakota. *Id.* at 47–51. On April 27, 2026, the district court granted the petition. *Id.* at 10–23. The court applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976), balancing test and concluded that all three factors weighed in favor of Mr. Morozov. *Id.* at 20–22. In so ruling, the court relied, *inter alia*, on the evidence in the record showing Mr. Morozov's ties to the community, his lack of any criminal record and history of compliance with immigration authorities, and the

- 3 -

Appellate Case: 26-2113     Page: 4     Date Filed: 06/29/2026 Entry ID: 5655955

government's decisions to grant him parole and employment authorization. *Id.* The court then ordered Mr. Morozov's immediate release as the typical remedy in a habeas case. *Id.* at 22–23.

The government thereafter released Mr. Morozov and he is presently at home with this family in Texas.

## ARGUMENT

The government does not contend that the district court's grant of Mr. Morozov's habeas petition is an emergency. The government has never argued that Mr. Morozov poses a threat to the community or a flight risk; the record establishes that he is neither. And the government's litigation conduct confirms that this case is no emergency and, indeed, is no different from any ordinary immigration habeas matter that should be handled in the ordinary course. The government did not seek to stay the district court's order; it did not appeal that order for more than a month; and it did not move to expedite the case in this Court until over two weeks after the Court set a briefing schedule.

The government claims that there is good cause to justify expedited consideration because the government suffers irreparable injury "'[a]ny time [it] is enjoined by a court from effectuating statutes enacted by representatives of its people.'" Dkt. 5653978 at 4 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). But the district court here did not enjoin any statute. It

simply found, based on the specific facts of this case, that "Respondents violated [Mr. Morozov's] due process rights when they detained him without a bond hearing despite having granted him permission to live and to work through 2029 in the United States and despite [Mr. Morozov's] only apparent unlawful or even improper act being one speeding arrest." *Id.* at 22.

Having failed to establish any reason to expedite arising from Mr. Morozov's own case, the government complains about the "constant flow of habeas petitions implicating the constitutionality of § 1225(b)(2)(A)" and argues that processing these habeas petitions is a drain on its resources. *Id.* at 4. But the government offers no details regarding the allegedly "numerous" successful habeas petitions that it seeks to foreclose, and there is no reason to believe that the Court's resolution of Mr. Morozov's as-applied challenge would settle all these unidentified claims on behalf of other individuals in diverse circumstances.

To the extent that Mr. Morozov's case does implicate the constitutional claims of others subjected to mandatory detention under § 1225(b)(2) within this Circuit, that counsels for entering a schedule that allows for robust briefing, consultation with counsel in other appeals pending in this Court on similar issues, and involvement by interested *amici* who can provide the Court with additional perspectives. Needlessly rushing this case will only impede the Court's meaningful review. And eliminating any possibility for Mr. Morozov's counsel—an extremely

- 5 -

Appellate Case: 26-2113     Page: 6     Date Filed: 06/29/2026 Entry ID: 5655955

busy solo practitioner with many active cases—to seek an extension or engage in standard argument preparation, will prejudice Mr. Morozov.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motion to expedite this appeal.

Respectfully submitted,

/s/ James D. Leach

_____

JAMES D. LEACH
ATTORNEY AT LAW
1617 Sheridan Lake Rd.
Rapid City, SD 57702
(605) 341-4400
jim@southdakotajustice.com

June 29, 2026

Appellate Case: 26-2113    Page: 7    Date Filed: 06/29/2026 Entry ID: 5655955

**CERTIFICATE OF COMPLIANCE**

The foregoing complies with Federal Rule of Appellate Procedure 27(d)(2) in that, according to the word-processing software used to generate the opposition (Microsoft Office Word) in 14-point Times New Roman, the opposition contains 1,191 words, excluding the items listed in Federal Rule of Appellate Procedure 32(f).  The opposition has been scanned for viruses and is virus free.

/s/ James D. Leach

JAMES D. LEACH

June 29, 2026

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ James D. Leach
JAMES D. LEACH

June 29, 2026